UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Brenner, Spiller & Archer
175 Richey Ave
Collingswood, NJ 08107
856-963-5000
856-858-4371
Attorney for Debtor(s)

In Re:

Michael Shiomos

Order Filed on February 14, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case Number: 17-23586

Hearing Date:

Judge: ABA

Chapter: 7

Recommended Local Form:    Followed    Modified

## CONSENT ORDER RESOLVING TRUSTEE'S INTEREST IN PROPERTY

The relief set forth on the following pages, numbered two (2) through two (3) is hereby **ORDERED**.

**DATED: February 14, 2022**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

(Page 2)
Debtor:           Michael Shiomos
Case No:          17-23586
Caption of Order: Order Resolving Motion to Sell Property

1. On July 3, 2017 the debtor filed for bankruptcy protection under Chapter 7.

2. During the administration of the bankruptcy case, the debtor's father passed away, leaving behind a considerable estate in which the debtor was a beneficiary, including property commonly known as 44 Monroe Dr, Laurel Springs, NJ 08021.

3. The estate of the debtor's father, became an asset of the bankruptcy estate pursuant to 11 U.S.C. §541(a)(5).

4. The trustee in fulfilling his duties has the right and obligation to liquidate the unexempt estate assets for the benefit of the debtor's creditors.

The parties have agreed:

1. The Debtor agrees to file a petition for Chapter 13 bankruptcy, within 30 days of this order.

2. The plan provisions of the Chapter 13 bankruptcy must pay a 100% dividend to General Unsecured Creditors.

3. The Debtor will tender a payment within 10 days of this order to the Chapter 7 trustee representing the administration expenses of of Brian Thomas, Chapter 7 trustee, in the amount of ___$5,425.00___. This amount represents fees and costs for Brian Thomas, Chapter 7 trustee in the amount of ___$2,500.00___ and Kenneth Borger, Counsel for the Chapter 7 trustee, in the amount of _$2,925.00_____.

4. Following the filing of the Chapter 13 bankruptcy petition, and the payment of administrative expenses to the Chapter 7 trustee, the trustee will move to dismiss the current chapter 7 case.

5. For any creditor who filed a proof of claim in this Chapter 7 bankruptcy, debtor shall not object to any proof of claim filed on their behalf, in the Chapter 13 bankruptcy.

6. The debtor reserves the right to object to any claim filed in the Chapter 13 bankruptcy, by or on behalf of a creditor who failed to file a proof of claim in this Chapter 7 bankruptcy.

7. For any creditor who filed a proof of claim in this Chapter 7 bankruptcy should they fail to file a proof of claim in the Chapter 13 bankruptcy, the debtor shall file an appropriate proof of claim on their behalf.

8. If the Chapter 13 bankruptcy is dismissed, the Chapter 7 trustee and his Special Counsel shall be notified and the Chapter 7 trustee shall be entitled to file a motion to reopen the Chapter 7 case.

9. In the event that the trustee moves to reopen the Chapter 7 bankruptcy pursuant to this agreed order, the debtor hereby waives any objection to the trustee's motion.

The undersigned hereby consent to the form and entry of the foregoing order.

_____
Brian Thomas, Esq.
*Chapter 7 Trustee*
Date:

_____
Warren S. Jones, Jr.
*Attorney for Debtor(s)*
Date: 12/16/2021